UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
*Electronically Filed*

| | |
|---|---|
| **DOCTORS HOSPITAL OF AUGUSTA, LLC,** ) <br> **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> **COMMONWEALTH OF KENTUCKY,** ) <br> **KENTUCKY LABOR CABINET,** ) <br> ) <br> and ) <br> ) <br> **MARCUS HOBBS** ) <br> **Defendants** ) <br> _____) | Civil Action No. _____ |

## **COMPLAINT**

Comes Plaintiff, DOCTORS HOSPITAL OF AUGUSTA, LLC ("Doctors Hospital" or "Plaintiff"), by counsel, and for its causes of action against Defendants, states:

### **JURISDICTION**

1. This Court has original jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) in that it alleges violations of the Constitution of the United States and 42 U.S.C. §1983.

2. In addition, this Court has original jurisdiction to hear this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different States.

3. This Court has authority to grant declaratory relief and further necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202 and KRS 418.010, *et seq.* An

actual controversy exists between the parties relative to their rights and as to the constitutionality of certain provisions of existing Kentucky law.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and 1391(b).

5. This Court has pendant jurisdiction over the State claims asserted herein.

**THE PARTIES**

6. Plaintiff is a limited liability company organized and existing under the laws of Delaware and registered to do business within the State of Georgia. Its principal place of business is located at 3651 Wheeler Road, Augusta, Georgia 30909. Doctors Hospital owns and operates an acute care hospital located in Augusta, Richmond County, Georgia. Doctors Hospital has a seventy (70) bed intensive care unit specializing in the treatment of burns and related injuries. Its burn treatment unit is known as the Joseph M. Still Burn Center at Doctors Hospital of Augusta (the "Burn Center"), this treatment area of the hospital having been named in honor of Dr. Joseph M. Still, a physician instrumental in development of the hospital's burn treatment specialty. Plaintiff provides no medical or other service in Kentucky, transacts no business in Kentucky and has no presence in Kentucky over which any Defendant could claim that any federal or state court residing in Kentucky could exercise personal jurisdiction over Plaintiff. The medical services that it provides wholly within the State of Georgia to patients are governed by the laws of Georgia and any applicable federal law. It is a resident and citizen of a state other than Kentucky.

7. Defendant, KENTUCKY LABOR CABINET ("CABINET"), is an agency of the Commonwealth of Kentucky charged with oversight of the Department of Workers'

2

Claims, the operating department responsible for the administration of Kentucky's workers' compensation laws and regulations. It transacts its government business in all of the 120 counties in Kentucky. The CABINET has offices and agents throughout Kentucky, including within this judicial district and this division, and undertakes enforcement action in their official capacities within this judicial district.

8. Defendant, MARCUS HOBBS ("HOBBS"), is a citizen and resident of Kentucky and on information and belief, resides at 291 Shymug Hollow Road, P.O. Box 10, Bimble, Knox County, Kentucky 40915.

9 MARK DANIELS ("Daniels"), is a citizen and resident of Kentucky and on information and belief, resides at 67 Miller Branch Road, P.O. Box 125, Bimble, Knox County, Kentucky 40915. At all relevant times, he was the employer of Defendant HOBBS.

**GENERAL ALLEGATIONS**

10. According to the First Report of Injury filed with the Department of Workers' Claims, Daniels, in the regular course of his business, was moving a mobile home into place on a site located in Bimble, Kentucky on November 21, 2016. HOBBS, working for Daniels, was on top of the mobile home to help move it into position. While guiding tree branches out of the way, HOBBS touched a live electric service line and was severely burned.

11. On information and belief, HOBBS was airlifted to Doctors Hospital from the Holston Valley Medical Center, located in Kingston, Tennessee, where HOBBS was initially taken following his injury on November 21, 2016. Plaintiff provided reasonable and necessary medical care to HOBBS from and after that date and continues to provide

follow-up reasonable and necessary medical care to him wholly within the State of Georgia.

12. The necessary and reasonable services rendered by Plaintiff were performed at the specific instance and request of Defendant HOBBS, or on his behalf, the services had substantial value to HOBBS, who accepted the services provided by Plaintiff and HOBBS is responsible for payment of the reasonable value of those services. The fair, reasonable and current charges for said services made by Plaintiff and commensurate value of the services to HOBBS are in the amount of $4,325,252.10 and although demand for payment has been made, said changes have not been paid, to Plaintiff's damage.

13. KRS 342.020(1) provides, in relevant part:

> . . . the employer shall pay for the cure and relief from the effects of an injury . . . the medical, surgical and hospital treatment, including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability. . . The employer's obligations to pay the benefits specified in this section shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits. . . The employer, insurer, or payment obligor acting on behalf of the employer, shall make all payments for services rendered to an employee directly to the provider of the services within thirty (30) days of receipt of a statement for services. . . Except as provided in subsection (4) of this section, in no event shall a medical fee exceed the limitations of an adopted medical fee schedule or other limitations contained in KRS 342.035, whichever is lower.

14. KRS 342.035(1) provides, in relevant part:

> Periodically, the commissioner shall promulgate administrative regulations to adopt a schedule of fees for the purpose of ensuring that all fees, charges, and reimbursements under KRS 342.020 and this section shall be

fair, current, and reasonable and shall be limited to such charges as are fair, current, and reasonable for similar treatment of injured persons in the same community for like services, where treatment is paid for by general health insurers.

15. KRS 342.035(2) provides, in relevant part:

No provider of medical services or treatment required by this chapter, . . ., shall knowingly collect, attempt to collect, coerce, or attempt to coerce, directly or indirectly, the payment of any charge, for services covered by a workers' compensation insurance plan for the treatment of a work-related injury, in excess of that provided by a schedule of fees or cause the credit of any employee to be impaired by reason of the employee's failure or refusal to pay the excess charge.

Penalties are provided for violation of this section.

16. 803 KAR 25:091, purportedly promulgated under the statutory authority of KRS 342.020 and KRS 342.035, provides: (1) as a function, that the regulation "regulates hospital fees for services and supplies provided to workers' compensation patients pursuant to KRS 342.020;" (2) a definition of "hospital" to mean "a facility or . . . other treatment or specialty center which is licensed pursuant to KRS 216B.105."; (3) in Section 2, that it is applicable to "all workers' compensation patient hospital fees for each hospital for each compensable service or supply . . .; " (4) for application of a cost-to-charge ratio as the limitation for reimbursement of a hospital's services and supplies furnished to an employee.

17. 803 KAR 25:091, Section 6(1) provides:

A hospital located outside the boundaries of Kentucky shall be deemed to have agreed to be subject to this administrative regulation if it accepts a patient for treatment who is covered under KRS Chapter 342.

5

18. Plaintiff is a hospital located outside the boundaries of Kentucky. Plaintiff is not licensed under or pursuant to KRS 216B.105. Plaintiff never agreed to be subject to 803 KAR 25:091. Plaintiff accepts all burn patients for treatment to the extent that Plaintiff has available beds and has the capability to provide treatment to such patients. With respect to HOBBS, Plaintiff had no knowledge, information or belief at the time of acceptance of the referral of HOBBS from a Tennessee hospital that HOBBS was covered by KRS Chapter 342 or otherwise.

19. Defendant CABINET has applied KRS 342.020, KRS 342.035 and 803 KAR 25:091 to the services rendered and supplies provided to HOBBS by Plaintiff in violation of law. Its actions constitute state action within the meaning of U.S. CONST., amend. XIV.

20. KRS 342.020, KRS 342.035 and 803 KAR 25:091, taken separately or combined as a body of law, deprive Plaintiff of its constitutionally guaranteed rights and privileges, as hereinafter alleged, and Plaintiff has been damaged thereby. The allegations contained in numerical paragraphs 1 – 19 of this Complaint are deemed incorporated by reference into each of the Counts hereinafter set forth. Because of the issues raised herein, the Attorney General of Kentucky will be served with a copy of the Complaint, pursuant to KRS 418.075.

**COUNT ONE**

21. The laws of the Commonwealth of Kentucky as they relate to the provision of medical services and compensation therefor, generally, and KRS 342.020, KRS 342.035 and 803 KAR 25:091, specifically, have no constitutionally permissible operation with respect to medical services provided outside of the territorial boundaries of Kentucky

generally, and specifically, with regard to the medical services provided by Plaintiff to HOBBS.

22. Application of KRS 342.020, KRS 342.035 and 803 KAR 25:091 to Plaintiff for medical services provided wholly within the State of Georgia and to all out-of-state hospitals similarly situated with respect to services rendered and supplies provided to a person unknowingly or knowingly covered by Kentucky Revised Statutes Chapter 342, violates U.S. CONST., Art. 1, Sec. 8, Clause 3 (the "Interstate Commerce Clause").

23. KRS 342.020, KRS 342.035 and 803 KAR 25:091, Section 6, taken collectively, are unconstitutional and void on their face, in violation of the Interstate Commerce Clause. They are invalid and unenforceable, generally, and specifically, as applied to Plaintiff and its treatment of HOBBS solely in Georgia.

**COUNT TWO**

24. Plaintiff has the constitutional right to engage in lawful business and to contract with its patients to provide reasonable and necessary services and supplies at a level of charges determined by Plaintiff.

25. KRS 342.020, KRS 342.035 and 803 KAR 25:091 are unconstitutional laws that impair obligation of contracts as relates to Plaintiff and all out-of-state hospitals similarly situated, in violation of U.S. CONST., Art. 1, Section 10, Clause 3, and in violation of KY. CONST., Sec. 19(1). They are invalid and unenforceable.

**COUNT THREE**

26. Plaintiff's right to challenge Defendant CABINET's adverse determination of the fair, reasonable and customary charges for medical services and supplies provided

7

by Plaintiff wholly within the State of Georgia is a form of speech fully protected by U.S. CONST., amend. I and KY. CONST., Sec. 8.

27. KRS 342.035(2) is an unconstitutional restriction on that protected speech.

28. The chilling of such protected speech results in an unconstitutional prior restraint of protected speech in violation of the First and Fourteenth Amendments to the United States Constitution. The restriction of the cited statute is not narrowly tailored to further a compelling state interest and is content-based lacking a compelling reason to justify the State's infringement of Plaintiff's rights to free speech.

### COUNT FOUR

29. The services rendered and supplies provided by Plaintiff to HOBBS for his benefit constitute Plaintiff's private property for which it is entitled to just compensation for its taking.

30. Defendant CABINET's application of 803 KAR 25:091 to Plaintiff's provision of medical services and supplies to HOBBS constitutes a taking and use of Plaintiff's private property without just compensation, in violation of U.S. CONST., amends. V and XIV, Sec. 1.

### COUNT FIVE

31. On its face and as applied to Plaintiff for medical services and supplies provided wholly within the State of Georgia, 803 KAR 25:091 violates Plaintiff's constitutional right to due process under U.S. CONST., amends. V and XIV, sec. 1.

### COUNT SIX

32. 803 KAR 25:091 exceeds the authority of Defendant CABINET and of the Kentucky Department of Workers' Claims and is contrary to and in violation of legislative

intent expressed in KRS 342.035. Said regulation must be declared invalid and unenforceable.

## COUNT SEVEN

33. As set forth herein, Defendant CABINET's conduct is subject to 42 U.S.C. §§ 1983, 1985 and 1988 because its acts and omissions violate Plaintiff's protected rights and so proximately caused and continues to cause harm to Plaintiff.

34. Defendant CABINET's violation of Plaintiffs protected rights is the conduct of a person acting under color of state law. By their conduct, Defendants have deprived Plaintiff of constitutional rights.

## COUNT EIGHT

36. By reason of the unconstitutionality and unenforceability of KRS 342.020, KRS 342.035 and 803 KAR 25:091 and the acts and omissions of Defendants aforesaid, Defendants, jointly and severally, are liable for the damages sustained by Plaintiff in an amount equal to the fair, reasonable and current charges for the services rendered and supplies provided in Augusta, Georgia to HOBBS for his benefit and for the benefit of the CABINET, being $4,325,252.10, or in an amount to be determined at trial.

## COUNT NINE

37. The medical services provided by Plaintiff to HOBBS were accepted by HOBBS, had substantial value to HOBBS and HOBBS owes the Plaintiff the commensurate and reasonable value of the medical services and supplies provided by Plaintiff to HOBBS in the amount of $4,325,252.10 or in an amount to be determined at trial.

WHEREFORE, Plaintiff prays:

   A.   Judgment declaring that KRS 342.020, KRS 342.035 and 803 KAR 25:091 on their face violate the United States and Kentucky Constitutions;

   B.   Judgment declaring that KRS 342.020, KRS 342.035 and 803 KAR 25:091, as applied to Plaintiff and all out-of-state hospitals similarly situated violate the United States and Kentucky Constitutions;

   C.   Judgment declaring that by reason of Defendant CABINET's unconstitutional acts and omissions, and Defendant HOBBS' failure to pay the reasonable charges made by Plaintiff for services and supplies provided to HOBBS, Plaintiff has been damaged in the amount of $4,325,252.10, or in an amount to be determined at trial, plus interest;

   D.   Judgment in favor of Plaintiff against HOBBS for the commensurate and reasonable value of the medical services and supplies provided to HOBBS in the amount of $4,325,252.10, or in an amount to be determined at trial, plus interest;

   E.   Judgment granting a permanent injunction enjoining enforcement of KRS 342.020, KRS 342.035 and 803 KAR 25:091 by Defendant CABINET against Plaintiff and all out-of-state hospitals similarly situated;

   F.   Judgment ordering Defendants to pay all costs, including reasonable attorney fees, incurred by Plaintiff in this action pursuant to 42 U.S.C. § 1988; and

   G.   For all other relief to which it may appear entitled.

/s/ Kenneth S. Handmaker
Kenneth S. Handmaker
Timothy P. O'Mara
MIDDLETON REUTLINGER
401 South Fourth Street, Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502)-561-0442

Attorneys for Doctors Hospital of Augusta, LLC