UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DOCTORS HOSPITAL OF AUGUSTA, LLC, ) ) | |
| ) | Civil No. 6:17-cv-00206-GFVT |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| V. ) | **&** |
| ) | **ORDER** |
| COMMONWEALTH OF KENTUCKY, ) *et al.*, ) | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kentucky law requires an employer to pay for treatment when an employee sustains an injury while on the job. KRS § 342.020. When a medical provider submits a claim for payment for such treatment, the provider is subject to the fee schedule promulgated by the Department of Workers Claims of the Kentucky Labor Cabinet. Doctors Hospital of Augusta, LLC, believes this structure is unconstitutional and has sued to recover the full payment resulting from treating a Kentucky employee. That employee, Mr. Marcus Hobbs, was also named as a defendant to this suit, and has filed a motion to dismiss. For the reasons below, this motion is **DENIED**.

**I**

**A**

Mr. Marcus Hobbs worked for Mr. Mark Daniels in Bimble, Kentucky at the time of his accident. [R. 1 at ¶¶ 8–10.] Mr. Daniels has a coverage policy through Kentucky Employers' Mutual Insurance (KEMI) that covers Mr. Hobbs's workers' compensation. [R. 18-1 at 3.] On November 21, 2016, while helping Mr. Daniels move a mobile home into position, Mr. Hobbs touched a live electric service line, suffering life-threatening burns. [R. 1 at ¶ 10.] He initially

received treatment from the Emergency Department at Holston Valley Medical Center in Kingston, Tennessee, after which he was airlifted to Doctors Hospital in Augusta, Georgia, for continued care. *Id*. at ¶ 11. At the time of filing the Complaint in this matter, Doctors Hospital claimed Mr. Hobbs continued accepting care from their facility. *Id*.

Following treatment of Mr. Hobbs, Doctors Hospital submitted a bill to KEMI requesting $4,325,252.10 for services rendered. *Id*. at ¶ 12. KEMI then applied the cost-to-charge ratio outlined in KRS Chapter 342 of 16.55% and submitted payment in the amount of $708,878.41. [R. 18-1 at 4.] Doctors Hospital refused this payment. *Id*. Instead, Doctors Hospital filed a Medical Fee Dispute with the Kentucky Department of Workers' Claims, stating that the laws relating to compensation of medical services were unconstitutional. *Id*.

Chief Administrative Law Judge Douglas Gott was assigned to handle the Medical Fee Disputes. *Id*. Doctors Hospital then filed this action on July 25, 2017, against the Kentucky Labor Cabinet, Derrick Ramsey in his official capacity as Secretary of the Kentucky Labor Cabinet, Robert Swisher in his official capacity as Commissioner of the Department of Workers' Claims, Andy Beshear in his official capacity as Attorney General of the Commonwealth of Kentucky, and Mr. Hobbs. [R. 1.] Accordingly, on August 1, 2017, Administrative Law Judge Gotts placed the Medical Fee Dispute in abeyance pending the outcome of this action. [R. 18-1 at 4.] Doctors Hospital then filed an Amended Complaint on August 31, but only as to Defendants Andy Beshear, Robert Swisher, and the Kentucky Labor Cabinet. [R. 15.] KEMI moved to intervene as a defendant [R. 13] and this Court granted that motion on September 25 [R. 26]. Since then, Defendant Beshear [R. 29] and the Kentucky Labor Cabinet [R. 33] were

dismissed upon agreement of the parties from this action. Mr. Hobbs also filed a motion to dismiss, claiming KEMI, not he, is the proper party for this matter. [R. 18.]

**B**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) is different from a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id*.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

## II

Mr. Hobbs filed a motion to dismiss pursuant to both Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6). [R. 18.] First, Mr. Hobbs asserts that he cannot be held responsible for the balance owed to Doctors Hospital, and that only KEMI is responsible for payment. [R. 18-1 at 5–7.] Additionally, Mr. Hobbs claims that this matter is not ripe for review by this Court, as the parties have ongoing matters pending before the Kentucky Department of Workers' Claims administrative law judge. *Id*. at 8.

### A

Initially, Mr. Hobbs relies on KRS §§ 342.020 and 342.035 to demonstrate that he would not be the party responsible for paying the balance claimed by Doctors Hospital. [R. 18-1 at 5–7.] KRS § 342.020 requires an employer to pay for the medical care of an injured employee, but such fees cannot exceed the limitations provided in KRS § 342.035. KRS § 342.035 directs the Commissioner of the Department of Workers' Claims to promulgate regulations adopting a schedule of fees. Additionally, § 342.035 prohibits a medical provider from attempting to collect payment in excess of the fee schedule.

However, these are the very statutes Doctors Hospital seeks to declare unconstitutional. [R. 1 at 10.] KRS § 342.020 requires Mr. Daniels, as Mr. Hobbs's employer, to pay for the medical care of Mr. Hobbs, and KEMI, as the insurer of Mr. Daniels, now accepts responsibility for any potential payment. [R. 18-1 at 7.] Though unlikely, Mr. Hobbs may no longer be shielded from liability by those statutes and could be a party responsible for payment if this Court grants relief to Doctors Hospital. The Court must accept the allegations of Doctors Hospital as true, and in doing so, Doctors Hospital has stated a sufficient claim where relief is

4

plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this preliminary stage, without discovery, the Court is unable to determine, as a matter of law, that Mr. Hobbs is not responsible for payment to Doctors Hospital.

**B**

Mr. Hobbs also claims this matter is not ripe for federal judicial review. [R. 18-1 at 8.] The Supreme Court of the United States, in *Younger v. Harris*, created an abstention doctrine prohibiting federal courts from enjoining state court proceedings. 401 U.S. 37 (1971). In recent years, the Supreme Court has limited the *Younger* abstention to three circumstances: (1) ongoing state criminal prosecutions, (2) ongoing state-initiated civil enforcement proceedings "that are akin to criminal prosecutions," and (3) ongoing state civil proceedings that involve the ability of courts to perform judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013); *New Orleans Public Service, Inc. (NOPSI) v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). In addition, administrative proceedings that are judicial in nature are considered "state-initiated civil proceedings" for the purpose of determining whether *Younger* abstention applies, even if the case has not yet progressed to state-court at the time of federal review. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 627 (1986); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982); *Gibson v. Berryhill*, 411 U.S. 564, 576–77 (1973). Without these "exceptional" circumstances, a pending state court action is not a bar to federal jurisdiction. *Id*. (citing *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976); *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

Once a proceeding fits into one of the three categories outlined in *Sprint Commc'ns, Inc.* or *NOPSI*, a court turns to a three-factor test, defined in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), to determine whether *Younger* abstention may occur. *See Sprint Commc'ns, Inc.* 134 S.Ct. at 593–94. Abstention is proper when "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex*, 457 U.S. at 432–34).

Kentucky has outlined administrative procedures for Workers' Claims. KRS §§ 342.0011 *et seq.* Disputes arising from payment, nonpayment, reasonableness, necessity, or work-relatedness of a covered service must be resolved by an administrative law judge. 803 KAR 25:012. The decision of the administrative law judge can be appealed to the Workers' Compensation Board and then to the Kentucky Court of Appeals. 803 KAR 25:010; CR 76.25. Doctors Hospital has filed an action before an administrative law judge, and does not contest that abstention would otherwise be appropriate. [R. 28 at 4–5.] However, Doctors Hospital claims, and the administrative law judge agrees, that the administrative law judge does not have jurisdiction to reach the constitutional claims. *Id*. In Kentucky, the exhaustion of administrative remedies is not necessary when a party challenges a statute as facially unconstitutional. *Goodwin v. City of Louisville*, 215 S.W.2d 557, 559 (Ky. 1948). Administrative agencies in Kentucky cannot decide constitutional questions. *Commonwealth v. DLX*, 42 S.W.3d 624, 626 (Ky. 2001). Therefore, even if the other requirements for *Younger* abstention were met, Doctors

Hospital will be unable to raise their issues adequately in the state proceedings, and thus, abstention is inappropriate here. Accordingly, Mr. Hobb's motion to dismiss [R. 18] is denied.

### III

The result of this litigation may determine that Mr. Hobbs is not liable to Doctors Hospital for payment. However, that issue is not ripe for consideration at this stage of the proceedings. Mr. Hobbs has presented no legal reason why this court lacks jurisdiction or why Doctors Hospital has failed to state a claim upon which relief may be granted. Accordingly, for the aforementioned reasons, it is hereby **ORDERED** that Defendant Marcus Hobbs's Motion to Dismiss [**R. 18**] is **DENIED**.

This the 11th day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge